UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DARLEEN JACOBS LEVY                                                           PLAINTIFF

VERSUS                                                CIVIL ACTION NO. 1:05CV97-RHW

MIKE MCGILL, et al                                                           DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Before the Court are several motions for summary judgment.  Plaintiff filed a [64] Motion for Summary Judgment and also filed a [85] supplement to her Motion for Summary Judgment.  The latter has been improperly designated on the docket as a separate motion for summary judgment.  Defendant Tammy McGill filed a [93] Motion for Summary Judgment as well.  Defendants Carl McGill, Mike McGill, and McGill Wellworks then joined [97] in Tammy McGill's [93] Motion for Summary Judgment.  The motions are fully briefed and ripe for disposition.  The Court conducted a status conference on September 12, 2006.

### Factual Background

This matter arises out of a property dispute between Plaintiff and the Defendants.  The property in question is located in Dolan's Race Track Addition subdivision in Gulfport, Mississippi.  In 1988, Mike and Tammy McGill provided funding to build a convenience store that straddled two separate lots (lots 43 and 44).  At the time, the lots were owned by Carl and Mary McGill and later were conveyed to McGill Wellworks.  It is undisputed that on May 1, 1990, the lots were subject to a foreclosure sale and the property conveyed to Hibernia National Bank.  In May 1992, Plaintiff purchased lot 44 from Hibernia at an auction.  In the interval, on April 28, 1991, Tammy McGill filed a lis pendens notice on realty, including lots 43 and 44, for debts owed to her by the McGills.

On August 11, 1998, as part of a property settlement in a divorce proceeding, the McGill Defendants entered into an agreed order that purported to create an equitable lien for Mike and Tammy McGill on lots 43 and 44 based on funds invested by Mike and Tammy McGill to build the convenience store on the property in question.  At some point in 2000 or 2001, Tammy McGill abandoned the convenience store.  The building has not been used since that time.  The parties indicate that the building is currently vacant, padlocked, and contains machinery and other items.

Plaintiff asserts that she is being denied access to the convenience store and that Defendants are storing items in her convenience store.  Plaintiff has pursued two previous court actions in an attempt to resolve the property dispute.  On July 19, 2000, Plaintiff filed a complaint in the United States District Court to clear title to the lots in the Dolan Race Track Addition.  The Court rendered a verdict in Plaintiff's favor.  On July 15, 2002, Plaintiff filed a complaint in Harrison County Chancery Court to evict Carl McGill and McGill Wellworks from the property and convenience store.  The Court rendered a judgment in Plaintiff's favor; however, Mike and Tammy McGill were not a party to the Chancery Court action.

As it stands now, Plaintiff owns lot 44.  McGill Wellworks owns lot 43.  The convenience store that was built partly with funds provided by Tammy McGill straddles the property line dividing lots 43 and 44.  According to a survey attached as an exhibit, approximately 60 percent of the building is on Plaintiff's lot and 40 percent is on McGill Wellworks' property.  Tammy McGill asserts that she is entitled to an equitable lien on the property and convenience store that straddles the two pieces of property.

**Parties' Positions**

In her Motion for Summary Judgment, Plaintiff argues that the Defendants do not have an equitable lien on the property in question or on the convenience store. She argues that by virtue of the judgments rendered in her favor by the U.S. District Court and the state Chancery Court, she is entitled to full possession of the property and that the Defendants should be evicted from the convenience store.

Defendants counter that the convenience store rests partly on property owned by McGill Wellworks; therefore, Plaintiff is not entitled to summary judgment on her eviction claim. Furthermore, Defendants argue that Tammy McGill is not currently on the property nor has she denied Plaintiff's access to the property; therefore, she cannot be evicted from the property. The Defendants do assert that Tammy McGill's equitable lien continues to run with the property.

**Law and Analysis**

Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131. "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John*, 757 F.2d at 708. "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment". *Id.* at 709. However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).

The Mississippi Supreme Court has recognized the existence of equitable liens. *Lindsey v. Lindsey*, 612 So. 2d 376, 379 (Miss. 1992). An equitable lien may be created by express agreement. *See Neyland v. Neyland*, 482 So. 2d 228, 230 (Miss. 1986). A lien may also be impressed out of recognition of general principles of right and justice. *Id.* A principal reason for impressing an equitable lien is to prevent unjust enrichment. *Id.*

The McGill Defendants intended to create by express agreement an equitable lien to encumber lots 43 and 44. The summary judgment evidence indicates that the agreed order entered on August 11, 1998, effectively created an equitable lien in Tammy McGill's favor for any property owned by the McGill Defendants. Unfortunately for Tammy McGill, this agreed order was entered long after lot 44 had been sold at foreclosure to Plaintiff. Moreover, Tammy

McGill did not enter the lis pendens action until after the property had been conveyed to Hibernia National Bank. Therefore, Tammy McGill cannot assert any right to an equitable lien against Plaintiff by virtue of an express agreement.

Tammy McGill asserts that the equitable lien attached as early as 1988, when she invested money in improvements on the property. She argues that an equitable lien should attach to avoid unjust enrichment. The improvements were made while the property belonged to Carl McGill or McGill Wellworks. Thus, the debt owed to Tammy McGill flows from Carl McGill or McGill Wellworks and not from Plaintiff. The Court finds that the equitable lien on lot 44, if it existed at all, did not survive the conveyance of the property in the foreclosure sale. The issue, therefore, is not whether Plaintiff will be unjustly enriched to Tammy McGill's detriment, but whether Carl McGill or McGill Wellworks will be unjustly enriched. McGill Wellworks still owns lot 43; therefore, the debt owed to Tammy McGill may still be satisfied out of proceeds from lot 43.

Based on the foregoing, the Court finds that Plaintiff's Motion for Summary Judgment should be granted with respect to any equitable lien or property rights asserted by the Defendants regarding lot 44, including that portion of the convenience store that lies on lot 44. However, in her complaint, Plaintiff seeks the Defendants' eviction from the entire convenience store. The undisputed summary judgment evidence indicates that approximately 40 percent of the convenience store rests on property owned by McGill Wellworks. Consequently, Plaintiff's Motion for Summary Judgment should be denied with respect to her claim that the McGill Defendants should be evicted from the entire building. The parties have advised the Court that they agree to a partition of the property in question. The relative rights and division of proceeds

may be resolved as part of that proceeding.

Based on the foregoing, the Court further finds that Defendants' Motions for Summary Judgment should be denied. Defendants have not presented any competent summary judgment evidence that would demonstrate that any of the Defendants retain any right of possession, whether by equitable lien or otherwise, over the portion of the convenience store that rests on lot 44. The property passed out of their possession in 1990. Any right to an equitable lien over lot 44 also expired at that time.

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's [64] Motion for Summary Judgment is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Defendants' [93], [97] Motions for Summary Judgment are DENIED.

IT IS FURTHER ORDERED that Plaintiff's [85] Motion for Summary Judgment is denied as moot.

SO ORDERED, this the 29th day of September, 2006.

                                                  s/ *Robert H. Walker*
                                                UNITED STATES MAGISTRATE JUDGE